

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John Atchison
County Attorney
Cooke County
Gainesville, Texas

Dear Sir:                    Opinion No. O-4995
                             Re:  Can county pay travel expenses
                                  of witness in murder trial from
                                  point outside State, and related
                                  question?

        Your telegraphic request for an opinion on the above
matter has been received and carefully considered by this
department. We quote said request as follows:

        "ADVISE WHETHER COUNTY CAN PAY TRAVEL EXPENSES
OF WITNESS IN MURDER TRIAL FROM POINT OUTSIDE STATE
STOP IF NOT CAN GOVERNOR PAY SAME FROM HIS SPECIAL
LAW ENFORCEMENT ACCOUNT"

        The commissioners' court is a court of limited power
and jurisdiction, and has no powers or duties except those
which are clearly set forth and defined in the Constitution
and statutes. The statutes have clearly defined the powers,
prescribed the duties, and imposed the liabilities of the com-
missioners' courts, the medium through which the different
counties act, and from these statutes must come all of the
authority vested in the county. 11 Tex. Jur. p. 563. It is
the opinion of this department, therefore, that a county can
not pay the travel expenses of a witness in a murder trial
from a point outside of the State. For your further informa-
tion on said matter we attach hereto a copy of our opinion
No. O-4251.

        The 47th Legislature, at its Regular Session in 1941,
appropriated for the Executive Department of our State Govern-
ment the sum of $5,000 for the fiscal year ending August 31,
1943, for the "payment of rewards and other expenses necessary
for law enforcement". (Page 1157, Acts of the Legislature,
Reg. Ses. 1941). Whether or not the payment of travel expenses

of a witness in a murder trial from a point outside of the
State of Texas can be made would be a question for the Gover-
nor to pass upon and he alone would have authority to pass
upon whether or not such expenses would be necessary for law
enforcement so that same could be paid out of said law en-
forcement appropriation above referred to.

For your information, however, we called the Gover-
nor's office and asked if such fund had ever been used for
the purpose stated in your request, and we were informed that
it had not been used for such purpose, also that the Governor
stated he would not care to establish a precedent of allowing
such fund to be used for the purpose stated by you.

Trusting that this satisfactorily answers your in-
quiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *Jas. W. Bassett*

Jas. W. Bassett
Assistant

JWB:mp

APPROVED DEC 2, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS